BASKIN, Judge.
Defendant DuQuesne appeals the trial court’s denial of his motion to vacate judgment and sentence filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. After reviewing the record and the state’s response, we conclude that the record fails to refute defendant’s allegations of ineffective assistance of counsel based on counsel’s failure to pursue defendant’s speedy trial rights. In addition, the trial court failed to attach portions of the record demonstrating compliance with appropriate plea colloquy requirements. Fla. R.Crim.P. 3.170©, 3.172(c), 3.850. The excerpt of the plea in the record discloses that defendant’s consent to the entry of the plea was not a knowing waiver of his rights.[1]
Reversed and remanded for further proceedings.

. The record reflects:
THE COURT: Accordingly, the court adjudicates you guilty, Mr. Duquesne.
You are sentenced, pursuant to your plea, to five years in the State Penitentiary, minimum mandatory requirement, with credit for time served.
THE DEFENDANT: What do you mean mandatory?
THE COURT: The law requires a minimum mandatory of five years which your lawyer discussed with you.
THE DEFENDANT: No.
THE COURT: You did not discuss it?
THE DEFENDANT: I didn’t hear the mandatory.
I will not accept—
THE COURT: Do you understand that, sir?
THE DEFENDANT: Yes, I do.
THE COURT: That’s it.
Case closed.